# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| MONEL S. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-CV-00004-HEA |
| ) | |
| JEREMY D. POWERS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Monel S. Brown's second application to proceed in district court without prepaying fees or costs. (ECF No. 4). Having reviewed the application and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Additionally, for the reasons discussed below, the Court will order plaintiff to file an Amended Complaint within twenty-one (21) days of the date of this order.

### The Complaint

Plaintiff brings this action against Jeremy Powers, Richard Riesenbeck, Brendan Whitworth, and Michel Doukeris. He asserts that on June 18, 2021 at approximately 6:24 a.m., defendant Powers caused a "commercial motor vehicle" to collide with the passenger side of plaintiff's Ford F150. Plaintiff alleges that he suffered several protrusions and disc herniations as a result of the collision. According to plaintiff, defendant Powers was making deliveries for his employer, Golden Eagle Distribution Company, at the time of the accident. Plaintiff identifies the remaining defendants as follows:

> Defendant Riesekbeck is the President/CEO of Golden Eagle Distributing Company making him the overseer of all operations.
> . . .

> Defendants Whitworth and Doukeris are both President/CEO of Anheuser-Busch making them overseers of all operations with defendant Whitworth stationed in St. Louis, Missouri United States of America and defendant Doukeris stationed in Bremen, Germany.

In the "Basis for Jurisdiction" portion of his complaint, plaintiff references several provisions of the Federal Motor Carrier Safety Regulations ("FMCSR"). He states that he first sought redress for his injuries in the Circuit Court of Pike County, Missouri. *See Brown v. Power*, No. 21PI-CC00039 (45th Jud. Cir. 2021).

In the "Statement of Claim" portion of his complaint, plaintiff asserts that all defendants are "liable under the Code of Federal Regulations[.]" He alleges that defendant Powers did not have a valid commercial driver's license at the time of the accident. He further alleges that defendant Riesenbeck "neglected to confirm defendant Powers's eligibility to operate the [commercial motor vehicle] or gave defendant Powers permission knowingly to operate[.]" As to defendants Whitworth and Doukeris, plaintiff contends they also "neglected to confirm the eligibility of [their] distributors operating [commercial motor vehicles]." Plaintiff seeks $400 million in damages and transfer of his state-court matter "to its proper jurisdiction, which is the United States District Court for the Eastern District of Missouri, Northern Division in Hannibal, Missouri."

## Discussion

Liberally construed, plaintiff appears to assert a claim of negligence. Plaintiff does not, however, identify a basis for this Court's subject-matter jurisdiction.

Subject-matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*,

475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). The presence of subject-matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). Thus, the issue of subject-matter jurisdiction may be raised at any time, by any party, or the Court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject-matter jurisdiction over both federal question cases and diversity-of-citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding subject-matter jurisdiction is lacking if neither diversity of citizenship nor federal-question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting Congress has instructed that district courts shall have jurisdiction in both federal-question and diversity cases).

Federal-question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *see also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139

3

(8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction."). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

The diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides that federal district courts will have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]" "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Section 1332 requires complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Plaintiff's complaint is defective because it does not establish the Court's subject-matter jurisdiction. Under "Basis for Jurisdiction," plaintiff merely summarizes his factual allegations and references several provisions of the FMCSR. It is unclear whether plaintiff intends to assert a claim under the FMCSR or if plaintiff merely intends to rely on the FMCSR to support his negligence claim. Consequently, the Court will order plaintiff to file an amended complaint within twenty-one (21) days of the date of this order. Failure to comply with this order will result in the dismissal of this matter without prejudice and without further notice.

Regarding diversity jurisdiction, the Court warns plaintiff that allegations of residence are not equivalent to allegations of citizenship, *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987), and do not satisfy the pleading requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014) (notice of removal was defective where it failed to specify plaintiff's citizenship when the suit was commenced; allegation that plaintiff was an Arkansas "resident" was inadequate); *Pattiz v. Schwartz*, 386 F.2d 300, 301 (8th Cir. 1968) (citing cases). "In both common parlance and legal usage, 'resident' and 'citizen' have overlapping but distinct meanings. *See, e.g., Black's Law Dictionary* 1502 (10th ed. 2014) (explaining 'a resident is not necessarily either a citizen or a domiciliary'); *New Oxford American Dictionary* 1485 (3d ed. 2010) (defining 'resident' as 'a person who lives somewhere permanently *or on a long-term basis*.' (emphasis added))." *Reece*, 760 F.3d at 778.

As to federal-question jurisdiction, the Court notes that the Eighth Circuit Court of Appeals has cast doubt on whether the FMCSR creates a federal private right of action. *See Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 784 n.2 (8th Cir. 2014) ("We doubt there is a federal private right of action for a violation of the FMCSR."); *Stewart v. Mitchell Transp.*, 241 F. Supp. 2d 1216, 1219 (D. Kan. 2002) ("The court agrees that the Motor Carrier Act does not create a private cause of action in this case[.]").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion for leave to proceed in forma pauperis (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's first motion for leave to proceed in forma pauperis (ECF No. 3) is **DENIED** as moot.

5

**IT IS FURTHER ORDERED** that plaintiff's request for hearing (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint that properly alleges a basis for this Court's subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's notice of summonses (ECF No. 5) is **STRICKEN** as premature.

If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 1st day of May, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE