## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| MONEL S. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-00004-HEA |
| ) | |
| JEREMY D. POWERS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff's Second Amended Complaint. (ECF No. 12). Having previously granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF Nos. 4, 7), the Court will now review the action under 28 U.S.C. § 1915.

**Background**

This action arises from a motor vehicle accident that occurred in Curryville, Missouri on June 18, 2021. (ECF No. 12 at 6). Upon review of Plaintiff's initial complaint, the Court determined that Plaintiff's jurisdictional allegations were insufficient to establish subject matter jurisdiction. Consequently, the ordered Plaintiff to file an amended complaint that properly alleged a basis for the Court's jurisdiction. (ECF No. 7). Plaintiff filed his First Amended Complaint on May 9, 2024. (ECF No. 8). He then sought leave to file a second amended complaint (ECF No. 9), which the Court granted on July 11, 2024. (ECF No. 11). Plaintiff's Second Amended Complaint ("Complaint") is now before the Court. (ECF No. 12).

## The Complaint

Plaintiff brings this action against Jeremy Powers, Richard Riesenbeck, Brendan Whitworth, and Michel Doukeris. (ECF No. 12). He asserts that on June 18, 2021, at approximately 6:24 a.m., Defendant Powers caused a "commercial motor vehicle" to collide with the passenger side of Plaintiff's Ford F150. *Id.* at 7. Plaintiff alleges that he suffered several protrusions and disc herniations from the collision. *Id.* According to Plaintiff, Defendant Powers was making deliveries for his employer, Golden Eagle Distribution Company, at the time of the accident. *Id.* at 2. Plaintiff identifies the remaining defendants as follows:

> Defendant Riesekbeck is the President/CEO of Golden Eagle Distributing Company making him the overseer of all operations.
> . . .
> Defendant(s) Whitworth and Doukeris are both President/CEO of Anheuser-Busch InBev.

*Id.*

In the "Basis for Jurisdiction" portion of his Complaint, Plaintiff writes:

> Due to Plaintiff Brown being a permanent resident of Missouri currently and at the time of this accident, Plaintiff being a resident of Pike County at the time of the accident, the accident happening in Pike County, Curryville, Missouri, also because of the Federal Regulations that were violated causing and during this accident, including the violations of Plaintiffs Amendment Rights from this cruel and unusual punishment inflicted upon him by the Defendant(s) due to this accident causes Plaintiff Brown to believe he has subject matter for the United States District Court Eastern District, Northern Division Court of Missouri to hold jurisdiction in resolving these matters.

*Id.* He also references several provisions of the Federal Motor Carrier Safety Regulations ("FMCSR") and the Fourteenth Amendment of the U.S. Constitution. *Id.* He states that he first sought redress for his injuries in the Circuit Court of Pike County, Missouri. *Id.* at 3; *see Brown v. Power*, No. 21PI-CC00039 (45th Jud. Cir. 2021).

In the "Statement of Claim" portion of his Complaint, Plaintiff asserts that all defendants are "liable under the Code of Federal Regulations[.]" *Id.* at 8. He alleges that Defendant Powers did not have a valid commercial driver's license at the time of the accident. *Id.* He further alleges that Defendant Riesenbeck "neglected to confirm defendant Powers' eligibility to operate the [commercial motor vehicle] or gave defendant Powers permission knowingly to operate[.]" *Id.* As to Defendants Whitworth and Doukeris, Plaintiff contends they also "neglected to confirm the eligibility of [their] distributors operating [commercial motor vehicles]." *Id.* Plaintiff seeks $400 million in damages. *Id.* at 9.

**Discussion**

Plaintiff purports to assert a claim under the FMCSR. Liberally construed, the Complaint also appears to assert a claim of negligence per se. For the reasons below, the Court finds that it lacks subject matter jurisdiction over this case.

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). As the Court explained in its previous order, "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements

3

in all cases."). Thus, the issue of subject matter jurisdiction may be raised at any time, by any party, or the Court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity-of-citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding subject-matter jurisdiction is lacking if neither diversity of citizenship nor federal-question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting Congress has instructed that district courts shall have jurisdiction in both federal-question and diversity cases). Plaintiff has established neither.

1. **Federal Question Jurisdiction**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *see also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction."). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

4

### a. The FMCSR

Most courts to consider the issue have found that the FMCSR does not create a private right of action. *See, e.g., Hoggard v. Arabi Cattle Co.*, No. 3:15-cv-00323-JM, 2017 WL 2532962, at *2 (E.D. Ark. June 9, 2017), *aff'd sub nom. Hoggard v. Page*, 721 F. App'x 561 (8th Cir. 2018) ("[T]he [FMCSR does] not independently create private rights of action or impose alternative duties on defendants."); *Harris v. U-Haul Int'l, Inc.*, No. CV 12-5040, 2012 WL 12919226, at *2 (W.D. Ark. Oct. 1, 2012) ("[T]he FMCSA regulations do not create a private right of action for personal injury damages."); *Bales v. Green*, No. 16-cv-106-GKF-JFJ, 2018 WL 1144980, at *2 (N.D. Okla. Mar. 2, 2018) (citing cases) (stating that a "clear majority of courts" have concluded that neither the Motor Carrier Act or its regulations create a private right of action for personal injury claims); *Dingess v. Sygma Network, Inc.*, No. 2:22-cv-00275, 2024 WL 3607170, at *3 (S.D.W. Va. July 31, 2024) ("The majority of courts considering this have found that the FMCSA and the FMCSR do not create a private right of action for personal injuries."); *Tassin v. BNK Transp. Inc.*, No. 3:19-cv-00064-JHM, 2019 WL 2271163, at *2 (W.D. Ky. May 28, 2019) ("As has been established in the Sixth Circuit, the FMCSR does not create a federal private right of action."); *see also See Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 784 n.2 (8th Cir. 2014) ("We doubt there is a federal private right of action for a violation of the FMCSR."). This Court agrees. Thus, the Court will dismiss this claim for lack of subject matter jurisdiction.

### b. Negligence Per Se

Under Missouri law, to establish a claim of negligence per se, Plaintiff must prove: (1) Defendants violated an applicable law or regulation; (2) Plaintiff was a member of the class of persons intended to be protected by the statute; (3) the injury was of the kind the statute was designed to prevent; and (4) the violation of the statute or regulation was the proximate cause of

5

the injury. *Sill v. Burlington N. R.R.*, 87 S.W.3d 386, 392 (Mo. Ct. App. 2002). The Court need not address the plausibility of Plaintiff's claim at this juncture. At issue here is whether this claim invokes a federal issue such that this Court may exercise federal question jurisdiction over this matter. The Court finds that it does not.

The apparent basis for Plaintiff's negligence-per-se claim is the FMCSR. As explained above, the FMCSR does not support a private right of action. Thus, subject matter jurisdiction exists only if Plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." *Great Lakes*, 843 F.3d at 329.

This Court has previously held that a negligence-per-se claim based on violations of the FMCSR does not invoke a substantial question of federal law. *See G.R. ex rel. Joyce v. Union Pac. R. Co.*, No. 107-cv-171 LMB, 2009 WL 3248213, at *4 (E.D. Mo. Oct. 6, 2009). Other courts in the Eighth Circuit have reached the same conclusion. *See, e.g., Hicks, et al. v. New Millennium Bldg. Sys., LLC, et al.*, No. 24-cv-164 (ECT/ECW), 2024 WL 4234995, at *4 (D. Minn. Sept. 17, 2024). Thus, the Court will also dismiss Plaintiff's negligence-per-se claim for lack of subject matter jurisdiction.[1]

**2. Diversity Jurisdiction**

The diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides that federal district courts will have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different

---

[1] Plaintiff references the Eighth and Fourteenth Amendments throughout his Complaint. Those provisions protect persons from governmental action, not the conduct of private businesses. *See Florey v. Air Line Pilots Ass'n, Int'l*, 575 F.2d 673, 676 (8th Cir. 1978) ("It is well settled that the prohibitions of the Fifth and Fourteenth Amendments do not apply to private actions."); *Junior Chamber of Com. of Kansas City, Mo. v. Missouri State Junior Chamber of Com.*, 508 F.2d 1031, 1033 (8th Cir. 1975) (agreeing with the Tenth Circuit that the Constitution only applies if the private conduct is "in essence" the action of the government).

States[.]" "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Section 1332 requires complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The Court explained in its previous order that allegations of residence are not equivalent to allegations of citizenship and do not satisfy the pleading requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014). Despite this warning, Plaintiff has again failed to allege Defendants' citizenship.[2] Thus, the Court finds that Plaintiff has failed to establish diversity jurisdiction in this case.

## Conclusion

For the foregoing reasons, the Court will dismiss this matter for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[2] While Plaintiff does not make factual allegations regarding Defendants' citizenship, he provides Missouri addresses for three of the four defendants.

**IT IS FURTHER ORDERED** that Plaintiff's "Request for Appointment of Special Process Server" (ECF No. 14) is **DENIED** as moot.

Dated this 2nd day of October, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE